**Parget SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70499.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Paul Ahern, Esq., U.S. Department of Justice, Counterterrorism Section/NSD, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Parget Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's denial of asylum based on the finding that petitioner may safely relocate within Punjab. Because petitioner's similarly-situated relatives remain unharmed in Punjab, petitioner remained in Punjab for 6 months after his last arrest without harm, and State Department reports show improved conditions, the BIA's finding that petitioner could reasonably relocate within Punjab is supported. *See Melkonian v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 320 F.3d 1061,1069–70 (9th Cir. 2003). Thus, the asylum claim is denied.

Because this court's review is limited to the record, the court declines to consider petitioner's additional evidence. *See* 8 U.S.C. § 1252(b)(4)(A) (2005).

Because petitioner did not establish eligibility for asylum, it follows that he did not satisfy the standard for withholding of removal. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1001.

Substantial evidence also supports the denial of CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.